IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RTI CONNECTIVITY PTE. LTD., a SINGAPORE PRIVATE LIMITED COMPANY; AND RUSSELL A. MATULICH, <br><br> Plaintiffs, <br><br> vs. <br><br> GATEWAY NETWORK CONNECTIONS, LLC, <br><br> Defendant. | CIV. NO. 22-00302 LEK-RT <br><br> FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS |

## FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

Before the Court is Plaintiffs RTI Connectivity Pte. Ltd. and Russell A. Matulich's (collectively "Plaintiffs") *Motion for Attorneys' Fees and Costs* ("Motion" or "Motion for Attorneys' Fees"). ECF No. 17. Plaintiffs seek attorneys' fees pursuant to Haw. Rev. Stat. § 658A-25. Plaintiffs request **$28,987.50** in attorneys' fees for 89.7 hours of work performed in this case and approximately **$3,000.00** plus GET tax in the amount of **$1,507.25** for a total amount of **$33,494.75** in fees and taxes for work performed in this case. The Court elects to decide this matter without a hearing pursuant to LR7.1(c) of the *Local*

*Rules of Practice for the United District Court for the District of Hawaii* ("Local Rules" or "LR").

After careful consideration of the *Motion*, parties' submissions, records and files in this case and applicable law, the Court **FINDS** that Plaintiffs should be awarded their attorneys' fees and costs and **RECOMMENDS** that the district court **GRANT** Plaintiffs' reasonable attorney's fees in the amount of **$22,166.00**, **$2,500.00** in fees for the preparation of the instant *Motion* and **$1,029.07** in GET taxes for a total of **$25,695.07**. The Court **RECOMMENDS** that attorneys' fees and taxes in the amount of **$7,799.68** be **DENIED**.

## BACKGROUND

On July 11, 2022, Defendant Gateway Network Connections, LLC ("Defendant") filed a *Notice of Removal* (ECF No.1), which removed the state court proceeding in the Circuit Court of the First Circuit, State of Hawaii ("state court"), 1CSP-22-0000157 to this district court. According to the Plaintiffs, the *Notice of Removal* was filed two days before Defendant's opposition to *Plaintiff's Motion for Expedited Order to Confirm and Enforce Pre-Award Ruling and Award of Arbitration Panel* ("Motion to Confirm") was due in state court. ECF No. 17-1 at PageID.950. Plaintiffs allege that due to Defendant's "tactical decision" to do a "last-minute removal," Plaintiffs needed to move to advance the hearing date set in

the federal district court on the *Motion to Confirm*.  ECF No. 17-1 at PageID.948-949.

On July 15, 2022, Plaintiffs filed an *Ex Parte Application to Advance Hearing on Plaintiffs' Motion for Expedited Order to Confirm and Enforce Pre-Award Ruling and Award of Arbitration Panel* ("Ex Parte Application").  ECF No. 9.  The *Ex Parte Application* requested that the hearing date on the *Motion to Confirm* be advanced over a month and a half from September 2, 2022 to July 21, 2022.  *Id.* at 399.  On July 15, 2022, the district court granted the *Ex Parte Application* and the hearing on the *Motion to Confirm* was advanced to July 26, 2022.  ECF No. 10.

Defendant filed a *Memorandum in Opposition to Plaintiffs' Motion for Expedited Order to Confirm and Enforce Pre-Award Ruling and Award of Arbitration Panel [Dkt. 1-3]* on July 21, 2022.  ECF No. 11.  On July 28, 2022, the district court issued an *Order Granting Plaintiffs' Motion to Confirm*.  ECF No. 13.  Judgment in favor of Plaintiffs was entered on August 22, 2022.  ECF No 15.

On October 10, 2022, a *Joint Statement re Attorneys' Fees and Related Nontaxable Expenses* ("Joint Statement") was filed in compliance with LR54.2.  ECF No. 16.  In the *Joint Statement*, the parties indicated that because Haw. Rev. Stat. § 658A-25 is discretionary, Defendant objected to the award of all fees requested by Plaintiffs.  On October 11, 2022, Plaintiffs filed a *Supplemental*

*Declaration of Leroy E. Colombe in Support of Plaintiffs' Motion for Attorneys'*
*Fees [Dkt. 17]* in order to correct the omission of the *Joint Statement* as an exhibit
to the *Motion for Attorneys' Fees*.  ECF No. 18.

Plaintiffs filed their *Motion for Attorneys' Fees* on October 11, 2022.  ECF
No. 17.  Plaintiffs request attorneys' fees and costs under Haw. Rev. Stat. § 658A-
25 in the amount of $28,987.50 for work performed litigating this case and
$3,000.00 for work performed preparing the *Motion for Attorneys' Fees*, and
$1,507.25 in taxes for a total amount of $33,494.75.  ECF No. 17-1 at PageID.953.
Plaintiffs claim that their "attorneys' fees and costs were necessarily incurred due
to Defendant's tactical decision to remove the Motion [to Confirm] to this Court,
the need to move to advance the hearing date due to the nature and sensitivity of
matters under the scope of the subject interim award, and all of the associated
filings and proceedings." *Id.* at 949.  Plaintiffs allege that the Court should award
fees since "(1) the Motion to Confirm was brought pursuant to HRS §§ 658A-18
and [658A]-22 and (2) Defendant contested the Motion to Confirm." *Id.* at 955.

Defendant filed a *Memorandum in Opposition to Plaintiffs' Motion for*
*Attorneys' Fees and Costs [Dkt. 17]* ("Opposition") on October 18, 2022.  ECF
No. 19.  Defendant argues that Haw. Rev. Stat. § 658A-25 "provides for a
discretionary award of fees where circumstances justify them" and that the Court
should not award such fees.  ECF No. 19 at PageID.1063.  Defendant argues that

Plaintiffs have "not even attempted to show a basis for justifying fees in this case." *Id.* at 1075.  Defendant further claims that the positions it took in opposing the *Motion to Confirm* were reasonable and not frivolous as it had a good faith basis for challenging the *Motion to Confirm*.  *Id.* at 1075-1076.  Alternatively, if this Court is inclined to find in favor of a fee award, Defendant argues that the fees and hourly rates requested are not reasonable.  *Id.* at 1076-1079.

On October 25, 2022, Plaintiffs filed a *Reply Memorandum in Support of Motion for Attorneys' Fees and Costs* [Dkt. 17].  ECF No. 20.  Plaintiff claims that the fees incurred would have been "substantially lower" if it were not for Defendant's actions to "delay confirmation[,]" which includes "the last-minute removal of the Motion to Confirm."  *Id.* at 1160.  Plaintiffs allege that Defendant, in its *Opposition*, proposes a standard unsupported by any legal authority which requires that "fees should not be awarded on a successful motion to confirm so long as the arguments advanced in opposition had some reasonable basis."  *Id.* at 1161-1162.  Plaintiffs also claim that Defendant violated LR54.2(d)(5) in that Defendant is required to disclose "any evidence the [Defendant] will use to oppose the requested hours, rates, or related nontaxable expenses" but failed to do so.  *Id.* at 1162 (citing LR54.2(d)(5)).  Plaintiffs also allege that Defendant failed to provide an itemization of hours, billing rates, or related nontaxable expenses that will not be objected to until Defendant filed its *Opposition*.  *Id.*  Plaintiffs thus

argue that Defendant's "Objections to Itemized Work Performed" should be stricken or disregarded by the Court. *Id.*

## DISCUSSION

This Court has federal question and diversity jurisdiction over this case. ECF No. 1 at PageID.3-4. Plaintiffs have brought its request for attorneys' fees under Haw. Rev. Stat. § 658A-25(c) and thus, the Court shall apply state law in determining whether Plaintiffs are entitled to attorneys' fees. Haw. Rev. Stat. § 658A-25(c) provides that:

> On application of a prevailing party to a contested judicial proceeding under section 658A-22, 658A-23 or 658A-24, the court may add reasonable attorney's fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award.

Haw. Rev. Stat. § 658A-25(c). Under this statute, the Court has "discretion to grant or deny requests for attorney's fees[.]" *Matter of Arb. Between United Pub. Workers, AFSCME, Loc. 646, AFL-CIO & Dep't of Transportation*, 149 Haw. 215, 221, 487 P.3d 302, 308 (2021), *as corrected* (July 7, 2021). The Court may take into account equitable considerations. *Ventress v. Japan Airlines*, Civ. No. 07-00581 SPK-LEK, 2008 WL 763185, at *7 (D. Haw. Mar. 20, 2008).

### A.    The Court Exercises Its Discretion and Awards Attorney Fees

The Court must determine whether it shall exercise its discretion to award attorneys' fees and costs to Plaintiffs pursuant to Haw. Rev. Stat. § 658A-25. The

parties do not contest that § 658A-25 is applicable to this case and that fees under § 658A-25 are discretionary.  Indeed, Plaintiffs moved for confirmation pursuant to Haw. Rev. Stat. § 658A-18, which permits a party to seek "an expedited order to confirm the award under § 658A-22[.]"  ECF No. 17-1 at PageID.950 (citing Haw. Rev. Stat. § 658A-18).

However, the parties disagree on whether this Court should award the discretionary fees.  Defendant takes the position that Plaintiffs failed to argue any basis for justifying the award of fees.  This Court disagrees in part in that Plaintiffs have stated that Defendant's "tactical decision" to engage in a "last-minute removal" two days before Defendant's opposition to the *Motion to Confirm* was due in state court is the reason why Plaintiffs had to move to advance the hearing date as well as all other associated filings and proceedings.  ECF No. 17-1 at PageID.949.  Defendant responds by explaining why its oppositions to the *Motion to Confirm* were reasonable, but does not address the timing of its removal.

Defendant also argues that its oppositions to the *Motion to Confirm* had a reasonable basis and thus fees should not be awarded.  Plaintiffs argue that Defendant is proposing a standard that is unsupported by any authority.  While it is true that Haw. Rev. Stat. § 658A-25 does not require such a showing, the Court, in exercising its discretion, may consider such information in its determination.  However, even if the Court found that Defendant's oppositions had some

7

reasonable basis, there is no explanation of the timing of Defendant's removal. Defendant's strategical decision to remove this case to federal court with only two days left on its deadline to respond to the *Motion to Confirm* in state court irrefutably caused Plaintiffs to have to seek an advancement of the hearing date in federal court, which resulted in additional work to move the hearing date and a truncated briefing schedule with no reply permitted.  The Court thus finds it appropriate to **GRANT** Plaintiffs' *Motion for Attorneys' Fees*.

### B.    Reasonable Attorneys' Fees

Although Plaintiffs have brought this request under Haw. Rev. Stat. § 658A-25(c), Hawaii courts calculate reasonable attorney's fees using a method that is nearly identical to the traditional lodestar calculation set forth in *Hensley*.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Dimitrion v. Morgan Stanley Home Loans*, Civ. No. 13-00125 DKW-BMK, 2014 WL 4639130, at *3 (D. Haw. Sept. 16, 2014).  "Under the lodestar method, the court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate." *Id.*  The Court may also consider a number of factors in determining the value of the work performed by attorneys.  *Id.*  Plaintiffs request the following hourly rate and hours for work performed by their attorneys and paralegal:

| Timekeeper | Hours | Hourly Rate | Amount of Fees |
|---|---|---|---|
| Chase T. Tajima | 10.9 | $425.00 | $4,632.50 |
| Leroy E. Colombe | 26.9 | $425.00 | $11,432.50 |

| | | | |
|---|---|---|---|
| Jason W. Jutz | 33.9 | $275.00 | $9,322.50 |
| Jennifer G. Henson | 18.0 | $200.00 | $3,600.00 |
| Total | 89.7[1] | | $28,987.50 |

ECF No. 17-8.  The Court shall now turn to whether the hourly rate requested is reasonable and next, will determine whether the hours expended were reasonable.

### 1.   **Reasonable Hourly Rate**

Hawaii courts have considered federal law in determining a reasonable hourly rate.  *Sheehan v. Centex Homes*, 853 F. Supp. 2d 1031, 1041 (D. Haw. 2011) (citation omitted).  The reasonable hourly rate is determined by assessing the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation.  *Roberts v. City of Honolulu*, 938 F.3d 1020, 1023 (9th Cir. 2019) (citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008); *Webb v. Ada County*, 285 F.3d 829, 840 (9th Cir. 2002); *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986)).  The relevant community is the forum in which the district court sits, which in this case is the District of Hawaii.  *See Camacho*, 523 F.3d at 979 (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).

---

[1] Plaintiffs' calculation of total hours worked is incorrect.  Plaintiffs' chart indicates 88.3 hours, but the total hours are 89.7.  See ECF No. 17-1 at PageID.952-953.  This miscalculation does not affect the total amount of fees requested because the actual amount of fees is calculated per timekeeper and each timekeeper has a different rate.  Thus, the total hours expended are not used to calculate the total amount of fees, but is a useful figure in determining whether the overall hours expended are excessive.

It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate." *Roberts*, 938 F.3d at 1024 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (Camacho, 523 F.3d at 980). "The burden is on the fee applicant 'to produce satisfactory evidence' of the prevailing market rates." *Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015) (citing <u>Blum</u>, 465 U.S. at 895). In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable. *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987). *See also Camacho*, 523 F.3d at 980 ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation").

| Timekeeper | Years | Hourly Rate |
|---|---|---|
| Chase T. Tajima | 12 | $425.00 |
| Leroy E. Colombe | 38 | $425.00 |
| Jason W. Jutz | 6 | $275.00 |
| Jennifer G. Henson | 17 | $200.00 |

In support of their request for hourly rates, Plaintiffs have provided Leroy E. Colombe, Trevor A. Brown and William C. Byrns' declarations. ECF No. 17-2 at PageID.958-969. Although these declarations support the hourly rates requested for work performed by the attorneys listed above, these declarations are conclusive

and only provide the opinions of the drafter of the declaration.  The Court

considered these declarations in determining the reasonable hourly rate.  However,

while determining the reasonable hourly rate, the Court also noted that these

declarations lack any additional evidence or proof supporting the drafters'

opinions.

Plaintiffs seek an hourly rate of $425.00 for work performed by Chase T.

Tajima.  According to Plaintiffs, Mr. Tajima has experience working on "business,

tax and real estate matters in the State of Hawaii for several years before relocating

to California [and] has a total of twelve years of experience."  ECF No. 17-1 at

956.  Defendant argues that the rate sought for Chase Tajima is "significantly

inflated by the standards allowed by Hawaiʻi courts."  ECF No. 19 at PageID.1077.

In particular, Defendant claims that in 2021, the Hawaii Supreme Court awarded

an attorney who had 24 years of experience $275.00 per hour.  *Id.* at 1077-1078;

*see Matter of Arb. Between United Pub. Workers, AFSCME, Loc. 646, AFL-CIO &*

*Dep't of Transportation*, 149 Haw. 215, 221, 487 P.3d 302, 308 (2021), *as*

*corrected* (July 7, 2021).  Defendant claims that this Court should determine that

Mr. Tajima should be awarded a similar rate.  *Id.* at 1078.

The Court finds that $425.00 per hour for work performed by Mr. Tajima is

excessive.  First, it is not clear whether the "business, tax and real estate" work

performed by Mr. Tajima was in fact as an attorney, and even if it was, the total of

twelve years of experience falls short of warranting the same fees that are
requested by attorney Leroy Colombe, who Plaintiffs allege has 38 years of
experience.  *See* ECF No. 19 at PageID.1077.  Further, although Mr. Tajima's
requested rate is supported by Mr. Colombe's declaration, the other two
declarations drafted by two experienced practitioners, Trevor A. Brown with 25
years of experience and William C. Byrns with 38 years of experience, are silent as
to Mr. Tajima's requested rate.  The Court finds that Plaintiffs' evidence falls short
of establishing Mr. Tajima's rate.  This Court is also well aware of the rates
awarded in this district and finds that an hourly rate of $300.00 is reasonable for
work performed by Mr. Tajima.  *See Roberts v. City of Honolulu*, 938 F.3d 1020,
1023 (9th Cir. 2019); *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (the
Ninth Circuit held that district court did not abuse its discretion by relying on its
own knowledge and experience to determine the reasonable hourly rate for
attorneys' fees); *Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ.*, 788 F.3d 1033,
1041 (9th Cir. 2015) ("[d]istrict courts may also use their 'own knowledge of
customary rates and their experience concerning reasonable and proper fees.'")).

The Court finds that the hourly rate of $425.00 for attorney Leroy E.
Colombe is also excessive.  Mr. Colombe has been practicing real estate and
business litigation for thirty-eight years.  Defendant does not object to the hourly
rate requested for work performed by Mr. Colombe.   ECF No. 19 at PageID.1077.

Defendant states that it "recognizes that there has been a shift upward in Honolulu attorneys' fees over the last several years, and for that reason it does not challenge the rates sought by Leroy Colombe." *Id*. However, the Court finds that based on its knowledge and experience, the requested hourly rate is excessive and the hourly rate of $400.00 is reasonable for Mr. Colombe's work. *See Roberts*, 938 F.3d at 1023; *Ingram*, 647 F.3d at 928.

The Court agrees with Defendant that the hourly rate of $275.00 for work performed by Jason W. Jutz is excessive. Mr. Jutz has six years of experience litigating real estate and commercial cases. ECF No. 17-2 at PageID.963. No other information is provided regarding Mr. Jutz's experience. Based on this Court's knowledge of the prevailing market rates for similar work performed by attorneys of comparable skill, experience and reputation, the Court finds that $250.00 is a reasonable hourly rate for work performed by Mr. Jutz. *See Roberts*, 938 F.3d at 1023; *Ingram*, 647 F.3d at 928. The Court declines to reduce Mr. Jutz's hourly rate by 35% as suggested by Defendant.[2] ECF No. 19 at PageID.1078.

---

[2] Defendant cites to the hourly rate awarded to an attorney in *Matter of Arb. Between United Pub. Workers, AFSCME, Loc. 646, AFL-CIO & Dep't of Transportation* ("In re Matter of Arbitration"), to argue that Mr. Jutz's hourly rate should be greatly reduced. *In re Matter of Arbitration*, 149 Haw. 215, 221, 487 P.3d 302, 308 (2021), *as corrected* (July 7, 2021). In that case, an attorney with 20 years of experience was awarded the hourly rate of $275.00, and Mr. Jutz in this case has far less years of experience (6 years). However, the work performed in *In*

The Court also finds that the requested $200.00 hourly rate for work

performed by paralegal Jennifer G. Henson is excessive.  Ms. Henson is a senior

litigation paralegal at the law firm Chun Kerr LLP.  She has seventeen years of

litigation experience.  Although Plaintiffs submitted declarations in support of their

requested hourly rates for Ms. Henson, neither the Declaration of Trevor A. Brown

nor the Declaration of William C. Byrns could definitively establish that the

$200.00 hourly rate is reasonable.  Based on this Court's knowledge and

experience, the Court finds that the hourly rate of $110.00 is reasonable for work

performed by Ms. Henson.  *See e.g., Hawaii Masons' Pension Fund v. KP*

*Construction*, Civ. No. 22-00234 LEK-RT, 2022 WL 17406566, at *3 (D. Haw.

Nov. 14, 2022) (reasonable hourly rate for paralegal with over ten years of

experience for work performed in 2022 was determined to be $105.00 per hour);

*Muller v. Department of Public Safety*, Civ. No. 17-00571 HG-WRP, 2022 WL

1207322, at *4 (D. Haw. Apr. 17, 2022) (reasonably hourly rate for paralegals with

---

*re Matter of Arbitration* appears to have been completed anywhere between 2016
through 2020, which is 2 to 6 years prior to the request currently before the Court.
*Id.* at 217-218.  As Defendant pointed out, "there has been a shift upward in
Honolulu attorneys' fees over the last several years."  ECF No. 19 at PageID.1077.
The reduction in hourly rate suggested by Defendant does not account for this
upward shift in hourly rates.  Defendant also fails to consider that the hourly rates
in *In re Matter of Arbitration* is prior to the time period during which work was
performed in this case.

experience ranging from 5 to 29 years for work performed between 2017 through

2021 was determined to be $100.00 per hour).

The following chart summarizes the Court's recommendation of reasonable

hourly rates for each attorney or paralegal:

| Timekeeper | Years of Experience | Requested Hourly Rate | Hourly Rate Awarded |
|---|---|---|---|
| Chase T. Tajima | 12 years | $425.00 | $300.00 |
| Leroy E. Colombe | 38 years | $425.00 | $400.00 |
| Jason W. Jutz | 6 years | $275.00 | $250.00 |
| Jennifer G. Henson | 17 years | $200.00 | $110.00 |

## 2.    **Hours Reasonably Expended**

The Court turns to whether the hours of work performed are reasonably

necessary to achieve the results obtained.  *Barranco v. 3D Sys. Corp.*, Civ. No. 13-

00412 LEK-RLP, 2014 WL 12650678, at *1 (D. Haw. Sept. 3, 2014) (citing

*Tirona v. State Farm Mut. Auto. Ins. Co.*, 821 F. Supp. 632, 636 (D. Haw. 1993)).

The Court finds federal case law instructive in determining the reasonable hours

expended in this case.  *See Sheehan v. Centex Homes*, 853 F. Supp. 2d 1031, 1043

(D. Haw. 2011).  "The party seeking fees bears the burden of documenting the

hours expended in the litigation and must submit evidence supporting those hours

and the rates claimed."  *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945-46

(9th Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  "In

determining the appropriate lodestar amount, the district court may exclude from

the fee request any hours that are excessive, redundant, or otherwise unnecessary."

*Welch*, 480 F.3d at 946 (citation and quotation marks omitted).

Plaintiffs provided a summary table and timekeeping records showing the hours of work expended in this case. The Court has carefully reviewed the timekeeping entries and summarizes its suggested reductions below.

### a.    Duplicate Entries Should be Reduced

The Court reduces Plaintiffs' requested hours for duplicate entries where two or more attorneys claim hours for the same task, such as but not limited to attending meetings or teleconferences. Generally, "two professionals cannot bill for attending the same meeting." *OneWest Bank, FSB v. Farrar*, Civ. No. 12-00108 ACK-KSC, 2014 WL 1326590, at *1 n. 1 (D. Haw. Mar. 10, 2014), *report and recommendation adopted as modified*, Civ. No. 12-00108 ACK-KSC, 2014 WL 1326602 (D. Haw. Mar. 31, 2014) (citing *Brandon E. v. Dep't of Educ., State of Hawaii*, Civ. No. 07-00536 ACK-LEK, 2008 WL 4602533, at *3 (D. Haw. Oct. 16, 2008)). The Court deducts duplicative time billed from the lowest billing attorney. *Id.*

| Date | Timekeeper | Hours Reduced | Description |
|------|-----------|---------------|-------------|
| 06/22/22 | Leroy E. Colombe | 0.2 | Emails with Tajima, conference with re drafting of motion to confirm |
| 07/11/22 | Chase T. Tajima | 0.5 | Review motion to remove confirmation case to federal court; Calls with Colombe re same |

| 07/22/22 | Jason W. Jutz | 0.2 | Conference with LEC re: oral argument on Motion to Confirm and Enforce the Pre-Award Ruling and issues raised in the Memorandum in Opposition to same (0.2) |
| 07/26/22 | Chase T. Tajima | 0.2 | Call with Colombe re federal confirmation hearing (0.2) |
| 07/26/22 | Jason W. Jutz | 0.2 | Conf. w/ LEC re: same (0.2) |

### b.    Block-Billed Entries Should be Reduced

It is reasonable for the district court to conclude that the fee applicant failed to carry the burden of documenting the appropriate hours when the hours are block-billed. *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (citations omitted). "The district court may reduce the amount of requested fees . . . to account for block billing . . . as long as it provides an adequate explanation for its fee calculation." *Cook Productions, LLC v. Stewart*, Civ. No. 17-00034 ACK-RLP, 2017 WL 4797513 at \*6 (D. Haw. Oct. 24, 2017) (citing *Ryan v. Editions Ltd. West, Inc.*, 786 F.3d 754, 763 (9th Cir. 2015)). "[B]lock billing makes it more difficult to determine how much time was spent on particular activities." *Id.*

The Court finds that the entries below are block billed and reduces these block-billed entries by 10% or a minimum of 0.1 hours. *See Robinson v. Plourde*, 717 F. Supp. 2d 1092, 1100 (D. Haw. 2010) (15% across-the-board reduction was appropriate for block billing).

| Date | Timekeeper | Hours Reduced | Description |
|------|-----------|---------------|-------------|
| 07/11/22 | Chase T. Tajima | 0.1 | Review motion to remove confirmation case to federal court; Calls with Colombe re same |
| 07/12/22 | Chase T. Tajima | 0.2 | Legal research and memo re removal to federal court and FAA application |
| 07/14/22 | Chase T. Tajima | 0.1 | Legal research in support of ex parte in federal court re TRO and revise brief |
| 07/29/22 | Chase T. Tajima | 0.1 | Legal research re fee entitlement for confirmation proceedings under Hawaii RUAA and email to opposing counsel re same |
| 06/23/22 | Leroy E. Colombe | 0.1 | Analysis re confirming pre-award ruling and emails, conference with staff re preparing same (0.4) |
| 06/24/22 | Leroy E. Colombe | 0.1 | further work on motion to confirm orders of panel and conferences, emails with staff and to co-counsel re same (0.6) |
| 06/27/22 | Leroy E. Colombe | 0.1 | Review further revised Motion to Confirm, draft declaration for same, and instructions to staff re finalizing same (0.5); conference with staff re filing of same, and analysis re options for getting expedited hearing date (0.2) |
| 06/28/22 | Leroy E. Colombe | 0.1 | Further conferences with staff re status of Motion to Confirm and letter to court re same (0.5); review response from court, setting of hearing and emails with Tajima re same, possible request to shorten time, etc. (0.2) |
| 07/11/22 | Leroy E. Colombe | 0.1 | Further analysis and research re removal jurisdiction for confirmation of arbitration award and email to Tajima, Jenkins re same (0.8) |
| 07/14/22 | Jennifer G. Henson | 0.1 | Review brief re final edits, check exhibit bookmarks and email to team (0.4) |
| 07/15/22 | Leroy E. Colombe | 0.2 | Various emails and telephone conferences with staff revising, finalizing Motion to Advance Hearing Date and review further draft of same (0.7); emails with staff, Tajima re, revise and transmit to Matulich re declaration, redline of same (0.5); telephone conferences with Matulich, review signed declaration and instructions to staff re filing Motion to Advance Hearing (0.4); conferences with staff, emails with Tajima, and review, approve filing of Corp Disclosure for Federal Court (0.2) |

| 07/22/22 | Jason W. Jutz | 0.3 | Draft memo re: GNC's Memorandum in Opposition to the Motion to Confirm and Enforce the Pre-Award Ruling, including legal research re: application of state substantive law v. federal substantive law for the purposes of confirming an arbitration award (3.1) |
|----------|---------------|-----|---|
| 07/22/22 | Leroy E. Colombe | 0.1 | Review and analyze Opposition to Motion to Confirm and emails with co-counsel re same (1.0) |
| 07/26/22 | Leroy E. Colombe | 0.2 | General hearing prep/review various authorities, draft argument for hearing, and conferences with Jutz, staff re additional materials for hearing (1.5) |

### c.    Clerical Entries Should Not be Awarded

"[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate." *Nicholas M. ex rel. Laura M. v. Dep't of Educ., Hawaii*, Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010).  Preparing documents for filing and filing documents with the Court are clerical and noncompensable.  *OneWest Bank, FSB*, 2014 WL 1326590, at *1 n. 2, *report and recommendation adopted as modified*, Civ. No. 12-00108 ACK, 2014 WL 1326602 (D. Haw. Mar. 31, 2014) (citing *Haw. Motorsports Inv., Inc. v. Clayton Group Servs., Inc.*, Civ. No. 09-00304 SOM-BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1, 2010), *adopted by Haw. Motorsports Inv. Inc. v. Clayton Group Servs.*, Civ. No. 09-00304 SOM-BMK, 2010 WL 5395669 (D. Haw. Dec. 22, 2010)).  Similarly, "coordinating service of documents; and formatting or printing documents; reviewing court-generated notices; notifying clients of court hearings; communications with court staff; scheduling; and

corresponding regarding deadlines" are all examples of clerical work.  *Hawaii Def. Found. v. City & Cty. of Honolulu*, Civ. No. 12-00469 JMS-RLP, 2014 WL 2804445, at *8 (D. Haw. Apr. 22, 2014), *report and recommendation adopted as modified*, Civ. No. 12-00469 JMS, 2014 WL 2804448 (D. Haw. June 19, 2014) (citing *Ko Olina Dev., LLC v. Centex Homes,* Civ. No. 09–00272 DAE–LEK, 2011 WL 1235548, at *12 (D. Haw. Mar. 29, 2011)).  The Court finds that the following entries are clerical and shall reduce the requested hours by these entries:

| Date | Timekeeper | Hours Reduced | Description |
|------|-----------|---------------|-------------|
| 06/23/22 | Jennifer G. Henson | 1.6 | Review and revise motion to confirm re notice and certificate of service, formatting (1.0); compile exhibits for motion to confirm (0.6) |
| 06/24/22 | Jennifer G. Henson | 0.4 | Revisions to motion, including caption and email revised drafts to L. Colombe and J. Jutz (0.4) |
| 06/27/22 | Jennifer G. Henson | 1.1 | Obtain additional exhibit and revise motion and declaration (0.6); revise exhibits re extracting attachments per attorney decision and marking same (0.5) |
| 06/28/22 | Leroy E. Colombe | 0.1 | Review response from court, setting of hearing and emails with Tajima re same, possible request to shorten time, etc. (0.2) |
| 06/29/22 | Jennifer G. Henson | 0.3 | Preparation of amended notice of hearing re circuit court motion (0.3) |
| 06/30/22 | Leroy E. Colombe | 0.1 | Emails with staff re status of notice of hearing for Motion for Confirmation (0.1) |
| 07/11/22 | Jennifer G. Henson | 0.5 | Download documents filed in US District Court (notice of removal, corporate disclosure statements, order) (0.5) |
| 07/14/22 | Jennifer G. Henson | 0.3 | Intra-office discussion re citation checks, preparation of Exhibit D and bookmarking citations (0.2); review brief re final edits, check exhibit bookmarks and email to team (0.4) |

| Date | Timekeeper | Hours | Description |
|---|---|---|---|
| 07/15/22 | Jennifer G. Henson | 4.4 | Finalize application, declarations and exhibits in preparation for filing (1.5); troubleshoot issues with CM/ECF Pacer re non-acceptance of Exhibit C (0.8) and downloading of e-filing, including communication with Court (0.8), email communication with opposing counsel re copy of USDC filings (0.2); email communication with team re copy of USDC filings and prior filing in state court re removal (0.3); preparation of tabs and tab two courtesy copies of Exhibits A and C for submission to Judge's chambers (0.8) |
| 07/17/22 | Jennifer G. Henson | 0.1 | Review email from C. Tajima re task (0.1) |
| 07/18/22 | Leroy E. Colombe | 0.2 | Review court notice re arrangements for 7/26 hearing and emails to staff, client, co-counsel re same (0.2) |
| 07/26/22 | Jennifer G. Henson | 0.7 | Set-up laptops in preparation for USDC hearing re motion to confirm (0.5); finalize subpoenas with execution page from panel (0.1); and circulate to team (0.1) |
| 07/29/22 | Jennifer G. Henson | 0.9 | Intra-office discussion with Colombe, Jutz re exemplified copy of order and review of email communication re same (0.3); telephone communication with clerk re exemplification procedure (0.3); email communication with team re exemplification (0.1); request check for copies of exemplification (0.2) |

### d.   <u>Total Lodestar Amount, and Total Fees and Taxes</u>

The Court calculates the total reasonable attorneys' fees using the lodestar calculation by multiplying the number of hours reasonably expended by the reasonable hourly rate as illustrated below:

| Timekeeper | Hours | Hourly Rate | Fees |
|---|---|---|---|
| Chase T. Tajima | 9.7 | $300.00 | $2,910.00 |
| Leroy E. Colombe | 25.3 | $400.00 | $10,120.00 |
| Jason W. Jutz | 33.2 | $250.00 | $8,300.00 |
| Jennifer G. Henson | 7.6 | $110.00 | $836.00 |
| Total | 75.8 | | $22,166.00 |

The Court finds that $22,166.00 is the total amount of reasonable attorneys' fees for 75.8 hours or work performed by Plaintiffs' attorneys and paralegal.  The Court finds that the work performed is reasonable given the extensive communication and efforts involved in Plaintiffs' attempt to resolve this case due to the timing of the removal.

Plaintiffs also request $3,000.00 for work performed in preparing the *Motion for Attorneys' Fees*, but does not provide any information regarding who will be performing the work and approximately how many hours it estimates will be expended on the *Motion*.  The Court thus finds it appropriate to reduce the requested amount by $500.00 and award Plaintiffs $2,500.00 for work performed on this *Motion*.  The GET tax is 4.172% and is calculated as follows:  ($22,166.00 + $2,500.00) x 0.04172 = $1,029.07.  Thus, the total amount of fees that should be awarded is $24,666.00 ($22,166.00 + $2,500.00), the total GET is $1,029.07 for a total of **$25,695.07** in fees and taxes.

## CONCLUSION

In accordance with the foregoing, the Court **FINDS** and **RECOMMENDS** that the district court **GRANT** Plaintiffs' *Motion for Attorneys' Fees*.  The Court *RECOMMENDS* that the district judge award Plaintiff **$22,166.00** in reasonable attorneys' fees, **$2,500.00** in attorneys' fees for work performed on this *Motion*, **$1,029.07** in GET taxes for a total of **$25,695.07** in fees and taxes.   The Court **RECOMMENDS** that the district court **DENY** $7,799.68 ($33,494.75 - $25,695.07)  in fees and taxes.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, March 31, 2023.



                      Rom A. Trader
                      United States Magistrate Judge

---

Civ. No. 22-00302 LEK-RT;  *RTI Connectivity Pte. Ltd., a Singapore Private Limited Company; and Russell A. Matulich vs. Gateway Network Connections, LLC*;  Findings and Recommendation to Grant Plaintiffs' Motion for Attorneys' Fees and Costs