UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RTI CONNECTIVITY PTE. LTD., a Singapore private limited company and RUSSELL A. MATULICH,<br><br>Plaintiffs,<br><br>vs.<br><br>GATEWAY NETWORK CONNECTIONS, LLC,<br><br>Defendant. | CIV. NO. 22-00302 LEK-RT |

**ORDER: GRANTING DEFENDANT'S OBJECTION TO FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS [DKT. 21]; REJECTING THE MAGISTRATE JUDGE'S F&R; AND DENYING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

On October 11, 2022, Plaintiff RTI Connectivity Pte. Ltd. ("RTI-C") and Russell A. Matulich ("Matulich" and collectively "Plaintiffs") filed their Motion for Attorneys' Fees and Costs ("Fee Motion"). [Dkt. no. 17.] On March 31, 2023, the magistrate judge issued the Findings and Recommendation to Grant Plaintiffs' Motion for Attorneys' Fees and Costs ("F&R"). [Dkt. no. 21.[1]] The magistrate judge recommended that the Plaintiffs' Fee Motion be granted in part and denied in part and that Plaintiffs be awarded $24,666.00 in attorneys' fees and $1,029.07 in general excise tax ("GET"), for a total award of $25,695.07. F&R, 2023 WL 3995480, at *7.

---

[1] The F&R is also available at 2023 WL 3995480.

Before the Court is Defendant Gateway Network Connections, LLC's ("GNC" or "Respondent") objection to the F&R ("Objection"), filed on April 14, 2023. [Dkt. no. 22.] Plaintiffs filed their response to the Objection on April 28, 2023 ("Response"). [Dkt. no. 23.] The Court has considered the Objection as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). GNC's Objection is hereby granted, and the F&R is rejected for the reasons set forth below. In light of those rulings, Plaintiffs' Fee Motion is denied.

## BACKGROUND

Plaintiffs originally filed their Motion for Expedited Order to Confirm and Enforce Pre-Award Ruling and Award of Arbitration Panel ("Motion to Confirm") in state court on June 27, 2022. See GNC's Notice of Removal, filed 7/11/22 (dkt. no. 1), Decl. of Randall C. Whattoff ("Whattoff Removal Decl."), Exh. 1 (Motion to Confirm).[2] Removal was based upon the Convention on Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201, et seq., and diversity jurisdiction. See Notice of Removal at ¶¶ 7, 12.

---

[2] The award that Plaintiffs sought confirmation of was the Dispute Prevention & Resolution, Inc. ("DPR") arbitration panel's ("Arbitration Panel") June 17, 2022 pre-award rulings and order ("6/17/22 Interim Order"). See Motion to Confirm at 2 (dkt. no. 1-3 at PageID.12)); id., Decl. of Leroy E. Colombe, Exh. G (6/17/22 Interim Order) (dkt. no. 1-3 at PageID.111-14).

2

When the Notice of Removal was filed, there was a hearing on the Motion to Confirm scheduled in the state court for July 21, 2022. See Whattoff Removal Decl., Exh. 2 (Notice of Court Date, filed 6/28/22 in the state court, and Amended Notice of Hearing Re Motion for Expedited Order to Confirm and Enforce Pre-Award Ruling and Award of Arbitration Panel, filed 6/30/22 in the state court). This Court initially scheduled a September 2, 2022 hearing on the Motion to Confirm. See Minute Order - EO: Court Order Setting Briefing Schedule, filed 7/12/22 (dkt. no. 5). This Court later granted Plaintiffs' motion to shorten time and advanced the hearing date to July 26, 2022. See Plaintiffs' *Ex Parte* Application to Advance Hearing on Plaintiffs' Motion for Expedited Order to Confirm and Enforce Pre-Award Ruling and Award of Arbitration Panel, filed 7/15/22 (dkt. no. 9) ("Motion to Advance Hearing"); Minute Order - EO: Order Granting Plaintiffs' Motion to Shorten Time, filed 7/15/22 (dkt. no. 10). The hearing on the Motion to Confirm was held by video-teleconference, see Minutes, filed 7/26/22 (dkt. no. 12), and on July 28, 2022, this Court issued the Order Granting Plaintiffs' Motion for Expedited Order to Confirm and Enforce Pre-Award Ruling and Award of Arbitration Panel ("7/28/22 Order"), [dkt. no. 13].[3]

---

[3] The 7/28/22 Order is also available at 2022 WL 2981518.

In the 7/28/22 Order, this Court rejected GNC's argument that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, applied and concluded that Haw. Rev. Stat. Chapter 658A governed the Motion to Confirm.  2022 WL 2981518, at *5.  This Court also concluded that: it had jurisdiction under Chapter 658A to consider a motion to confirm an interim award by the Arbitration Panel; id. at *6; even if the FAA applied, this Court would still have jurisdiction to review the 6/17/22 Interim Order; id. at *7; and the 6/17/22 Interim Order had to be confirmed under Chapter 658A, or under the FAA, if it applied, id. at *8-10.

Plaintiffs seek an award of attorneys' fees pursuant to Haw. Rev. Stat. § 658A-25(c), and they argue their

> attorneys' fees and costs were necessarily incurred due to Defendant's tactical decision to remove the Motion to this Court, the need to move to advance the hearing date due to the nature and sensitivity of matters under the scope of the subject interim award, and all of the associated filings and proceedings.

[Fee Motion, Mem. in Supp. at 2.]  Plaintiffs request $31,987.50 in attorneys' fees and $1,507.25 in GET, for a total award of $33,494.75.  [Id. at 6.]

The magistrate judge concluded that an award of attorneys' fees under § 658A-25(c) was discretionary and found that a discretionary award of fees was warranted under the

4

circumstances of this case. F&R, 2023 WL 3995480, at *2-3. In so finding, the magistrate judge stated

> there is no explanation of the timing of Defendant's removal. Defendant's strategical decision to remove this case to federal court with only two days left on its deadline to respond to the *Motion to Confirm* in state court irrefutably caused Plaintiffs to have to seek an advancement of the hearing date in federal court, which resulted in additional work to move the hearing date and a truncated briefing schedule with no reply permitted.

Id. at *3 (emphasis in original).

In analyzing whether the requested fees were reasonable, the magistrate judge found that the requested hourly rates were excessive and reduced the rates. Id. at *5-6. The magistrate judge also found that some specific time entries had to be deducted or reduced because they were duplicative, improperly block-billed, or represented clerical work that was not compensable. Id. at *6-7. Thus, the magistrate judge recommended that Plaintiffs' Fee Motion be granted, insofar as Plaintiffs should be awarded $24,666.00 in attorneys' fees and $1,029.07 in GET, for a total award of $25,695.07. Id. at *7. The magistrate judge recommended that Plaintiffs' Fee Motion be denied to the extent that Plaintiffs seek an additional $7,799.68. Id.

In the Objection, GNC urges this Court to reject the F&R and deny Plaintiffs' Fee Motion because "GNC had a

5

reasonable basis for opposing the Motion to Confirm; it did not act improperly in removing the case to federal court; and the Court made important clarifications to the Interim Award in its order confirming the award." [Response at 3.] If this Court adopts the F&R's finding that a discretionary award of attorneys' fees is warranted in this case, GNC argues the amount of the award should be limited to $6,911.00, which represents the attorneys' fees that Plaintiffs incurred in connection with the Motion to Advance Hearing. See id. If this Court rejects that argument, GNC does not object to the magistrate judge's analysis of the amount of reasonable attorneys' fees to be awarded. See id. at 3 n.1.

## STANDARD

> When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo **if objection is made,** but not otherwise."). Under a de novo standard, there is no deference to the lower court's ruling; rather, the Court "freely consider[s] the matter anew, as if no decision had been rendered below." Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009) (alteration in original) (quotations omitted); Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006).

6

Bank of Haw. v. Plimpton, CIVIL NO. 22-00220 JAO-WRP, 2022 WL 17039239, at *1 (D. Hawai`i Nov. 17, 2022) (alterations and emphasis in Bank of Haw.).

## DISCUSSION

Haw. Rev. Stat. § 658A-25(c) states:

> On application of a prevailing party to a contested judicial proceeding under section 658A-22, 658A-23, or 658A-24, the court may add reasonable attorney's fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award.

When interpreting § 658A-25 and other portions of Chapter 658A relevant to this case, this Court is bound by the decisions of the Hawai`i Supreme Court. See Trishan Air, Inc. v. Fed. Ins. Co., 635 F.3d 422, 427 (9th Cir. 2011).

Plaintiffs sought confirmation of the 6/17/22 Interim Order pursuant to Haw. Rev. Stat. §§ 658A-18, 658A-22, and 658A-25, see Motion to Confirm at 2 (dkt. no. 1-3 at PageID.12), and GNC opposed the motion, see GNC's Mem. in Opp. to Plaintiffs' Motion for Expedited Order to Confirm and Enforce Pre-Award Ruling and Award of Arbitration Panel [Dkt. 1-3], filed 7/21/22 (dkt. no. 11). Thus, this was "a contested judicial proceeding under section 658A-22," and Plaintiffs are the prevailing party because their Motion to Confirm was granted. This Court concludes that it has the discretion to add an award of

7

reasonable attorneys' fees to the judgment entered pursuant to the 7/28/22 Order.  See Judgment in Civil Case, filed 8/22/22 (dkt. no. 15); see also In re Arb. Between United Pub. Workers, AFSCME, Loc. 646, AFL-CIO & Dep't of Transp. ("UPW v. Dep't of Transp."), 149 Hawai`i 215, 221, 487 P.3d 302, 308 (2021) ("not[ing] that courts . . . have discretion to grant or deny requests for attorney's fees under" § 658A-25(c)).

As noted by the magistrate judge, equitable factors can be considered in a court's analysis of whether to make a discretionary award of attorneys' fees under § 658A-25(c).  See F&R, 2023 WL 3995480, at *2 (citing Ventress v. Japan Airlines, Civ. No. 07-00581 SPK-LEK, 2008 WL 763185, at *7 (D. Haw. Mar. 20, 2008));[4] see also Ventress, 2008 WL 763185, at *7 (citing Unif. Arbitration Act § 25, cmt. 5 ("A court has discretion to award fees under Section 25(c).  Courts acting under similar language in fee-shifting statutes have not been reluctant to exercise their discretion to take equitable considerations into account.")).

Because GNC has objected to the portion of the F&R in which the magistrate judge exercised his discretion and found that an award of attorneys' fees under § 658A-25(c) was warranted in this case, this Court considers that issue anew,

---

[4] Ventress, 2008 WL 763185, was affirmed on appeal.  603 F.3d 676 (9th Cir. 2010).

8

without deference to the analysis in the F&R.  See Dawson, 561 F.3d at 933.  Section 658A-25 "was modeled after [the Revised Uniform Arbitration Act ('UAA')] § 25(c) and the two sections are nearly identical."  In re Arb. Between Hawai`i State Tchrs. Ass'n & Hawai`i, Dep't of Educ. ("HSTA"), 140 Hawai`i 381, 402 n.17, 400 P.3d 582, 603 n.17 (2017).

> [C]ommentary to UAA § 25 explains the policy behind allowing courts to award attorneys' fees and costs in a contested judicial proceeding. . . .
>
> > Section 25(c) promotes the statutory policy of finality of arbitration awards by adding a provision for recovery of reasonable attorney's fees and reasonable expenses of litigation to prevailing parties in contested judicial actions to confirm, vacate, modify or correct an award. **Potential liability for the opposing parties' post-award litigation expenditures will tend to discourage all but the most meritorious challenges of arbitration awards.**  If a party prevails in a contested judicial proceeding over an arbitration award, Section 25(c) allows the court discretion to award attorney's fees and litigation expenses.
>
> UAA § 25 cmt. n.3 (emphasis added).  As such, attorneys' fees serve the purpose of discouraging a party from a nonmeritorious challenge to an arbitration award; this holds true even for appellate proceedings, as other jurisdictions have noted.
>
> For instance, in Blitz v. Beth Isaac Adas Israel Congregation, 352 Md. 31, 720 A.2d 912, 920 (1998), the Court of Appeals of Maryland concluded that, under a statute substantially similar to HRS § 658A-25, "the prevailing party is entitled to recover attorneys' fees incurred

9

> both at trial and on appeal in confirming and enforcing an arbitration award." In making this decision, the Maryland court noted that there was a "significant difference" between the initial arbitration proceedings, where attorneys' fees are only allowed if provided for in the arbitration agreement, and the subsequent confirmation proceedings. Id. at 917. In the confirmation proceedings, the Maryland court explained that the UAA specifically provides for attorneys' fees because such a policy encourages speedy resolutions of arbitration disputes. Id. at 917-18. The Maryland court also noted that other jurisdictions have recognized **the importance of preventing drawn-out confirmation proceedings**:
>
>> The interpretations of our sister states also promote the public policy of encouraging early payment of valid arbitration awards and the discouragement of nonmeritorious protracted confirmation challenges. The prefatory comment to the 1954 draft of the Uniform Arbitration Act stated that court intervention in arbitration 'must be prompt and simple or the values of arbitration will be largely dissipated through prolonged litigation.'
>
> Id. (quoting Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co., 180 Ariz. 148, 882 P.2d 1274, 1279 (1994)); see also Buzas Baseball, Inc. v. Salt Lake Trappers, Inc., 925 P.2d 941, 952-53 (Utah 1996) (holding that petitioners, who had received an arbitration award, were entitled to reasonable attorneys' fees incurred in defending the award on appeal under the Utah Arbitration Act).

Id. at 402-03, 400 P.3d at 603-04 (some emphases in HSTA) (footnote omitted).

The Hawai`i Supreme Court's use of the statement in Blitz that "'the prevailing party is **entitled** to recover attorneys' fees'" could be interpreted as an indication that

10

attorneys' fees should be awarded to every party who files a motion to confirm an arbitration award and prevails after the motion is contested. See id. at 402, 400 P.3d at 603 (emphasis added) (quoting Blitz, 720 A.2d at 917); see also, e.g., UPW v. Dep't of Transp., 149 Hawai`i at 220-21, 487 P.3d at 307-08 (holding that the "the fees were erroneously denied on the grounds they were not 'incurred[,]'" and holding, without identifying any other reasons, that "an award of attorney's fees [was] appropriate in this case"); RT Imp., Inc. v. Torres, 139 Hawai`i 445, 451, 393 P.3d 997, 1003 (2017) ("In this case, the Torreses contested RT Import's HRS § 658A-22 judicial proceedings to confirm the award.  Therefore, the circuit court's judgment properly included the amount of $1,692.80, as it was awarded pursuant to HRS § 658A-25(c) for attorney's fees incurred in the judicial proceeding regarding the contested award."). However, the Hawai`i Supreme Court has never expressly adopted a rule that a party who prevails on his contested motion to confirm an arbitration award is presumptively entitled to an attorneys' fee award under § 658A-25(c).  Such a rule would be contrary to the express language of the statute. Compare § 658A-25(c) ("the court **may** add reasonable attorney's fees" (emphasis added)), with Haw. Rev. Stat. § 607-14 ("there **shall** be taxed as attorneys' fee" (emphasis added)).  Further, it would be contrary to the Hawai`i

11

Supreme Court's statement that courts have the discretion to grant or deny a § 658A-25(c) request.  See UPW v. Dep't of Transp., 149 Hawai`i at 221, 487 P.3d at 308.  This Court therefore declines to read the Hawai`i Supreme Court case law as creating a presumption that a party who prevails in his contested motion to confirm an arbitration award is entitled to an award of attorneys' fees and costs under § 658A-25(c).

In deciding whether to exercise its discretion and award attorneys' fees under § 658A-25(c), this Court may consider factors such as:

- whether GNC's challenge to the Motion to Confirm, although unsuccessful, had some merit; see HSTA, 140 Hawai`i at 402, 400 P.3d at 603 ("Potential liability for the opposing parties' post-award litigation expenditures will tend to discourage all but the most meritorious challenges of arbitration awards." (quoting UAA § 25 cmt. n.3));

- whether GNC's challenge to the Motion to Confirm resulted in "drawn-out confirmation proceedings"; see id. at 403, 400 P.3d at 604; and

- whether the plaintiff was pro se and whether there was a prior award of attorneys' fees, see Ventress, 2008 WL 763185, at *7 ("In light of the fact that Plaintiff is an individual proceeding pro se and the Arbitrator has already ordered Plaintiff to pay a portion of the arbitration costs, the Court finds that an award of attorney's fees and costs is not appropriate.").

The Hawai`i Intermediate Court of Appeals has also noted that "[t]he Comments to []UAA § 25(c) confirm that the authority to award reasonable attorney's fees was intended by the framers of the RUAA to be limited[.]"  In re Arb. Between United Pub.

Workers, AFSCME, Loc. 646, AFL-CIO & City & Cnty. of Honolulu, 119 Hawai`i 201, 210, 194 P.3d 1163, 1172 (Ct. App. 2008).

In the instant case, this Court finds that the issues of whether there was some merit to GNC's opposition and whether there was a drawn-out confirmation proceeding are relevant to the determination of whether a discretionary award of attorneys' fees is warranted. Although this Court ultimately rejected GNC's arguments and granted the Motion to Confirm, in response to GNC's argument that it was "denied due process because the Arbitration Panel referred to the 6/17/22 Interim Order as a" temporary restraining order ("TRO"), this Court acknowledged that the term was "perhaps not the best choice of words by the panel," and clarified that the 6/17/22 Interim Order was not a TRO. See 7/22/22 Order, 2022 WL 2981518, at *9. Although this issue did not prevent this Court from granting the Motion to Confirm, the ruling that the 6/17/22 Interim Order was a TRO was important because Plaintiffs relied upon the fact that the order was a TRO to seek the advancement of this Court's hearing on the Motion to Confirm. See, e.g., Motion to Advance Hearing, Mem. in Supp. at 10 ("The urgency in which the Panel itself viewed the matter is evident from the facts that they styled their June 17 ruling as a 'TRO.'"). Plaintiffs sought to obtain an order confirming the 6/17/22 Interim Order "so that they [could], at the earliest possible time, avail themselves of the

13

aid of . . . the Courts in Guam to issue the appropriate court orders to allow customary access to RTI-C," as the Arbitration Panel directed GNC to do in the 6/17/22 Interim Order. See id.

This Court also finds that GNC's opposition to the Motion to Confirm did not result in drawn-out confirmation proceedings. The state court originally set the Motion to Confirm for hearing on an expedited basis. The motion was filed on June 27, 2023 and the state court set it for hearing on July 21, 2023. This Court's hearing on the Motion to Confirm was held after that date, but any delay caused by GNC's removal of the case was minimal. This Court's hearing was held on July 26, 2022, only five days after the state court's scheduled hearing date. Further, this Court ruled on the Motion to Confirm two days after the hearing.

Because there was some merit in GNC's unsuccessful challenge to the Motion to Confirm and because GNC's challenge did not result in drawn-out confirmation proceedings, and having considered the record in this case as a whole, this Court finds that a discretionary award of attorneys' fees under § 658A-25(c) is not warranted.[5] This Court therefore grants GNC's Objection, rejects the F&R, and denies Plaintiffs' Fee Motion.

---

[5] In light of this Court's ruling that an award of attorneys' fees is not warranted, it is not necessary to address GNC's argument that the magistrate judge should have limited the
(. . . continued)

14

**CONCLUSION**

For the foregoing reasons, GNC's Objection to Findings and Recommendation to Grant Plaintiffs' Motion for Attorneys' Fees and Costs [Dkt. 21], filed April 14, 2023, is HEREBY GRANTED, and the magistrate judge's Findings and Recommendation to Grant Plaintiffs' Motion for Attorneys' Fees and Costs, filed March 31, 2023, is REJECTED.  Plaintiffs' Motion for Attorneys' Fees and Costs, filed October 11, 2022, is therefore DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 29, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

---

amount of the award to the attorneys' fees that Plaintiffs incurred in connection with the Motion to Advance Hearing.

RTI CONNECTIVITY PTE. LTD., ET AL. VS. GATEWAY NETWORK CONNECTIONS, LLC; CV 22-00302 LEK-RT; ORDER: GRANTING DEFENDANT'S OBJECTION TO FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS [DKT. 21]; REJECTING THE MAGISTRATE JUDGE'S F&R; AND DENYING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS